**UNITED STATES DISTRICT COURT**
**DISTRICT OF MINNESOTA**

UNITED STATES OF AMERICA,

Criminal No. 25-313 (JRT/DJF)

Plaintiff,

v.

**MEMORANDUM OPINION AND ORDER DENYING MOTIONS FOR RELEASE FROM CUSTODY**

DAVID JAMES DEPASQUE,

Defendant.

Albania Concepcion and Evan Gilead, **UNITED STATES ATTORNEY'S OFFICE,** 300 South Fourth Street, Suite 600, Minneapolis, MN 55415, for Plaintiff.

Patrick G. Leach, **LEACH LAW OFFICE,** 8961 Aztec Drive, Eden Prairie, MN 55437, for Defendant.

Defendant David James Depasque is charged with two counts of attempted coercion and enticement of a minor in violation of 18 U.S.C. § 2422(b).  (Indictment, Aug. 20, 2025, Docket No. 11.)  Magistrate Judge Shannon G. Elkins previously determined that "the Government established through clear and convincing evidence that . . . no condition or combination of conditions would reasonably assure the safety of the community if Mr. Depasque is afforded release."  (Order of Detention at 1–2, July 28, 2025, Docket No. 10.)  Depasque now moves the Court for reconsideration of his release conditions, seeking temporary release to participate in in-patient treatment for his drug addiction at a Veteran Affairs treatment program.  (Docket Nos. 35, 43.)  Plaintiffs oppose the motion. (*See* Docket No. 39.)  The Court has conferred with the Probation Office.

Under 18 U.S.C. § 3142(f), a detention hearing

> may be reopened . . . if the judicial officer finds that information exists that was not known to the movant at the time of the hearing and that has a material bearing on the issue whether there are conditions of release that will reasonably assure the appearance of such person as required and the safety of any other person and the community.

If the Court decides to reopen the detention hearing, the Court must then consider the ultimate question of whether, based on the additional information and the factors set forth in 18 U.S.C. § 3142(g), "there are conditions of release that will reasonably assure . . . the safety of any other person and the community."

The Court is not convinced that Depasque's eligibility for in-patient treatment for drug addiction is additional information, as required by § 3142(f).  But even assuming that Depasque's eligibility for in-patient treatment for drug addiction is additional "information . . . not known to the movant at the time of the hearing" within the scope of § 3142(f), the Court concludes that the proposed conditions of release do not reasonably assure the safety of the community.  A rebuttable presumption of detention applies in this case given the offenses with which Depasque is charged.  *See* 18 U.S.C. § 3142(e)(3)(E).  As a result, Depasque "bears a limited burden of production . . . to rebut that presumption by coming forward with evidence he does not pose a danger to the community or a risk of flight."  *United States v. Abad*, 350 F.3d 793, 797 (8th Cir. 2003) (citation omitted).  Depasque has not met that burden.  The Court will, therefore, deny Depasque's motions for release from custody.

-2-

-3-

**ORDER**

Based on the foregoing, and all the files, records, and proceedings herein, **IT IS HEREBY ORDERED** that Defendant's Motion to Reconsider Release Conditions (Docket No. [35]) and Second Motion to Reconsider Release Conditions (Docket No. [43]) are **DENIED**.

DATED: April 27, 2026
at Minneapolis, Minnesota.

JOHN R. TUNHEIM
United States District Judge